Affirmed and Memorandum Opinion filed October 25, 2007








Affirmed
and Memorandum Opinion filed October 25, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01087-CR

____________

 

CARLOS T. RICO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd District
Court

Harris County, Texas

Trial Court Cause No.
776519

 



 

M E M O R A N D U M   O P I N I O N








Appellant
entered a plea of guilty to possession of between one and four grams of cocaine. 
In accordance with the terms of a plea bargain agreement with the State, on
February 27, 1998,  the trial court deferred a finding of guilt and placed
appellant on community supervision for five years and imposed conditions of his
supervision.  The State subsequently moved to adjudicate appellant=s guilt.  Appellant entered a plea of
true to the allegations in the motion.  On October 30, 2006, the trial court
adjudicated appellant=s guilt and sentenced him to eight years in the Institutional
Division of the Texas Department of Criminal Justice and assessed a fine of
$500.  Appellant filed a timely pro se notice of appeal.[1]

Appellant=s appointed counsel filed a brief in
which he concludes the appeal is wholly frivolous and without merit.  The brief
meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds to be advanced.  See High v.
State, 573 S.W.2d 807, 811-12 (Tex. Crim. App. 1978).

A copy
of counsel=s brief was delivered to appellant.  Appellant was advised of the right
to examine the appellate record and file a pro se response.  See Stafford v.
State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  As of this date, more
than sixty days has elapsed and no pro se response has been filed.

We have
carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit.  See Bledsoe v. State, 178 S.W.3d
824, 827-28 (Tex. Crim. App. 2005).  Further, we find no reversible error in
the record.  A discussion of the brief would add nothing to the jurisprudence
of the state.  

 

 








Accordingly,
the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed October
25, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Because appellant is appealing the trial court=s adjudication of his deferred adjudication community
supervision, his appeal is limited to potential errors not affecting the
decision to adjudicate and post‑adjudication matters unrelated to his
conviction.  See Tex. Code Crim.
Proc. Ann. art. 42.12, ' 5(b) (former
version); Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). 
The Legislature has amended section 5(b) to provide that a trial court=s determination of whether to proceed to an
adjudication of guilt Ais reviewable in the same manner as a revocation
hearing conducted under section 21 [of article 42.12] in a case in which an
adjudication of guilt had not been deferred.@ 
Act of May 28, 2007, 80th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404,
4405 (to be codified as an amendment to Tex.
Code Crim. Proc. Ann art. 42.12, '
5(b)). However, the amendment applies only to appeals in which the adjudication
hearing was held on or after June 15, 2007.  See Act of May 28, 2007,
80th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4421, 4423.